# EXHIBIT A-1

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.  SUPERIOR COURT 19 - 939
DOCKET NO. _____

| | |
|---|---|
| RENE POMALES, on behalf of himself and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) ) | |
| v. ) ) ) | JURY TRIAL DEMANDED HAMPDEN COUNTY SUPERIOR COURT FILED |
| AT&T MOBILITY SERVICES LLC, ) ) ) | DEC 10 2019 |
| Defendant. ) ) | CLERK OF COURTS |

## CLASS ACTION COMPLAINT

Plaintiff Rene Pomales ("Plaintiff"), on behalf of himself and all others similarly situated, brings this Class Action Complaint against AT&T Mobility Services LLC ("Defendant") seeking damages based on the failure to pay wages.

### PARTIES

1.  Plaintiff Rene Pomales is an individual who resides in Springfield, Massachusetts.

2.  Defendant AT&T Mobility Services LLC is, on information and belief, a Delaware company with its principal place of business in Atlanta, Georgia.

### JURISDICTION AND VENUE

3.  This Court has personal jurisdiction over the Defendant pursuant to M.G.L. Ch. 223A, § 2 and 3, because it is licensed to do business in the Commonwealth, it generally transact business in the Commonwealth, and/or because the acts complained of herein occurred in the Commonwealth.

1

4. Venue is proper in this county, pursuant to M.G.L. Ch. 223 § 1, because Plaintiff resides in this County.

5. To the extent it may be required, Plaintiff has secured a "private right of action" from the Massachusetts Attorney General.

## MASSACHUSETTS WAGE LAW

6. Employees are entitled to overtime pay for all hours worked above forty hours in one week. See M.G.L. ch. 151 § 1A.

7. Retail employees are entitled to premium pay for work performed on Sundays and certain holidays. See M.G.L. ch. 136 § 6(50) and 13 through 16.

## FACTUAL ALLEGATIONS

8. Defendant operates cellular phone stores in the Commonwealth.

9. Plaintiff worked as a salesperson for Defendant from approximately October 2018 through March 2019.

10. Plaintiff, as well as other members of the Class defined below, was compensated through a commission program.

11. Defendants' company-wide compensation structure for salespeople was based on a base/commission model. Employees' pay each week was included a base amount and a percentage of each sale made by the employee.

12. Pursuant to this pay policy, commissions were ostensibly applied to hours worked over 40 hours per week, and to hours worked on Sundays and holidays.

13. Defendants did not pay any additional compensation for such work beyond the base amount and commissions.

14. Plaintiff worked more than 40 hours in at least one week during the class

period.

15. Plaintiff worked on at least one Sunday or covered holiday during the class period.

16. Defendant did not base its pay to Plaintiff, or members of the Class, on the amount of overtime hours, or the amount of hours worked on Sundays and holidays.

17. Defendant did not pay Plaintiff, or members of the Class, overtime pay.

18. Defendant did not pay Plaintiff, or members of the Class, premium pay for Sundays and holidays.

19. Defendant keeps records with respect to the dates and times employees work.

## CLASS ALLEGATIONS

20. Plaintiff brings this complaint individually, and on behalf of a class of former or current non-exempt employees, who have worked on a base/commission basis, and have worked over forty hours during a week and/or on at least one Sunday or covered holiday in Massachusetts within the last three years prior to the filing of this action, but whose payments for such work was not compensated beyond the base/commission (the "Class").

21. Plaintiff is a member of the Class.

22. <u>Numerosity</u>: The members of the Class are so numerous that individual joinder of all Class members is impracticable. The precise number of Class members and their addresses may be ascertained from Defendant's payroll records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings,

and/or published notice.

23. <u>Commonality</u>: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. Common questions of law and fact, include, but are not limited to, whether Defendant violated the overtime and Sunday/holiday pay laws.

24. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class because he and the other members of the Class were subjected to the same employment practices, namely failing to be paid time and one half rate for overtime work and work performed on Sundays and holidays.

25. <u>Adequacy of Representation</u>: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; he has retained counsel competent and experienced in class action litigation; and he intends to prosecute this action vigorously.

26. <u>Superiority</u>: A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for the Class members to individually seek redress for Defendant's wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management

difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
## Massachusetts Wage Law
## M.G.L. ch. 149, §§ 148, 150
## M.G.L. ch. 151, § 1B

27. Plaintiff incorporates all other allegations in this Class Action Complaint.

28. Defendant violated M.G.L. ch. 151 § 1A by failing to pay Plaintiff, and members of the Class, overtime pay to which they were entitled. Plaintiff brings suit for such violations pursuant to M.G.L. ch. 149, §§ 148, 150 and M.G.L. ch. 151, § 1B.

29. Defendant violated M.G.L. ch. 136 § 6(50) and 13 through 16 by failing to pay Plaintiff, and members of the Class, premium Sunday and holiday pay to which they were entitled. Plaintiff brings suit for such violations pursuant to M.G.L.ch. 149 §§ 148, 150.

30. Defendant's denial of these wages has caused damage to Plaintiff, and members of the Class, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

a. Certify the Class;

b. Award members of the Class damages to be determined at trial, including, but not limited to treble damages, together with attorneys' fees and costs and pre-judgment and post-judgment interest; and

c. Grant such other relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 5, 2019

                                          RENE POMALES,
                                          Individually and on behalf of all others
                                          similarly situated,
                                          By his attorneys,

                                          */s/ Josh Gardner*
                                          Josh Gardner (BBO No. 657347)
                                          Nicholas J. Rosenberg (BBO No. 657887)
                                          GARDNER & ROSENBERG P.C.
                                          One State Street, Fourth Floor
                                          Boston, MA 02109
                                          Tel: 617-390-7570
                                          josh@gardnerrosenberg.com

# EXHIBIT A-2

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1979CV00939 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Rene Pomales on behalf of Himself and all others similarly situated vs. AT&T Mobility Services LLC | | Laura S Gentile, Clerk of Courts |
| TO: File Copy | | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                      DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/09/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 04/08/2020 | |
| All motions under MRCP 12, 19, and 20 | 04/08/2020 | 05/08/2020 | 06/08/2020 |
| All motions under MRCP 15 | 04/08/2020 | 05/08/2020 | 06/08/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 10/05/2020 | | |
| All motions under MRCP 56 | 11/04/2020 | 12/04/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/05/2021 |
| Case shall be resolved and judgment shall issue by | | | 12/09/2021 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED 12/12/2019 | ASSISTANT CLERK Mary C Cullinan | PHONE (413)748-6016 |
|---|---|---|

Date/Time Printed: 12-12-2019 15:25:38                                        SCV0261 08/2018

# EXHIBIT A-3

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 19-939 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): Rene Pomales | COUNTY |
|---|---|
| ADDRESS: 15 Girard Ave., Apt. 102 | Hampden |
| Springfield, MA 01109 | |

HAMPDEN COUNTY SUPERIOR COURT
FILED
DEC 10 2019
CLERK OF COURTS

| | DEFENDANT(S): AT&T Mobility Services LLC |
|---|---|
| ATTORNEY: Josh Gardner | |
| ADDRESS: Gardner & Rosenberg, P.C. | |
| 1 State Street, 4th Floor | ADDRESS: 1025 Lenox Park Blvd. |
| Boston, MA 02109 | Atlanta, GA 30319 |
| BBO: 657347 | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO
Is this a class action under Mass. R. Civ. P. 23?   ☒ YES   ☐ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............ $_____
   2. Total doctor expenses ............ $_____
   3. Total chiropractic expenses ............ $_____
   4. Total physical therapy expenses ............ $_____
   5. Total other expenses (describe below) ............ $_____
      Subtotal (A): $_____

B. Documented lost wages and compensation to date ............ $_____
C. Documented property damages to date ............ $_____
D. Reasonably anticipated future medical and hospital expenses ............ $_____
E. Reasonably anticipated lost wages ............ $_____
F. Other documented items of damages (describe below) ............ $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Violation of Massachusetts Wage Laws.

TOTAL (A-F): $25,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X _____   Date: 12/5/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: 12/5/19

2